UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-1086

COLIN ANDREW,

Plaintiff – Appellant,

v.

MATT LOHR, Commissioner, Department of Agriculture &
Consumer Services; THOMAS MOOREHEAD, President, Sterling
BMW; SALLY WOODSON SPIGLE, President, Rick Woodson Honda;
RICK HOLCOMB, Commissioner, DMV; KENNETH T. CUCCINELLI, II,
Attorney General of Virginia, in his official capacity;
JONATHAN BLANK; TOM HAYMORE; LYNN HOOPER; TK HUGHES; HENRY
JONES; MATT QUEEN; KEVIN REILLY; VINCE SHEEHY; LARRY SHELOR;
D.B. SMIT; DAVID LACY; WANDA LEWARK; CHIP LINDSAY; HUGH
MCCREIGHT; PAT PATRICK; FRANK POHANKA; JOE TATE; JIMMY
WHITTEN; ROBERT WOODALL; TOMMY WOODSON,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond. Henry E. Hudson, District
Judge. (3:10-cv-00353-HEH)

Submitted: August 15, 2011        Decided: September 2, 2011

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas C. Willcox, Washington, D.C., for Appellant. Kenneth T.
Cuccinelli, II, Attorney General of Virginia, Charles E. James,
Jr., Chief Deputy Attorney General, E. Duncan Getchell, Jr.,

Solicitor General of Virginia, Stephen R. McCullough, Senior Appellate Counsel, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colin Andrew appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) action without prejudice as unripe for review.[*] We affirm.

"Ripeness reflects constitutional considerations that implicate 'Article III limitations on judicial power,' as well as 'prudential reasons for refusing to exercise jurisdiction.'" Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1767 n.2 (2010) (quoting Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993)). While standing determines who may bring suit, ripeness dictates when the suit may be brought. See Miller v. Brown, 462 F.3d 312, 318-19 (4th Cir. 2006). To determine whether a case is ripe for review, courts consider "'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 200 (1983) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)). We review de novo a district court's dismissal for lack of ripeness. Va. Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 385-86

_____

[*] Although Andrew's brief presents arguments concerning the "plaintiff class," he never obtained class certification and, accordingly, the only interests at stake are his own. See Baxter v. Palmigiano, 425 U.S. 308, 310 n.1 (1976).

3

(4th Cir. 2001). The burden of proving ripeness falls on the party bringing suit. Miller, 462 F.3d at 319.

We agree with the district court that this case is not ripe for review. First, the case is not fit for review because the constitutional violation Andrews alleges "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Second, Andrew has demonstrated no hardship. We determine hardship in this context by considering "the immediacy of the threat and the burden imposed on the [plaintiffs] who would be compelled to act under threat of enforcement of the challenged law." Miller, 462 F.3d at 319. Judged by this standard, this case is clearly distinguishable from cases where courts have entertained pre-enforcement statutory challenges. See, e.g., Virginia v. Am. Booksellers Ass'n, 484 U.S. 383, 386-87 (1986) (permitting pre-enforcement challenge to statute where plaintiffs were directly targeted by the statute, would incur significant costs to comply, and might engage in unnecessary self-censorship); Pierce v. Soc'y of Sisters, 268 U.S. 510 (1925) (permitting pre-enforcement challenge to state law requiring students to attend public school at a future date because of immediate effect in shifting students to public schools).

4

Andrew argues that the doctrine of <u>Ex parte Young</u>, 209 U.S. 123 (1908), provides the district court with jurisdiction to provide prospective relief. The doctrine is not relevant here. The <u>Ex parte Young</u> doctrine "permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." <u>McBurney v. Cuccinelli</u>, 616 F.3d 393, 399 (4th Cir. 2010). Virginia has not raised an Eleventh Amendment defense and the doctrine does not displace ordinary principles of justiciability.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and would not aid the decisional process.

<u>AFFIRMED</u>